| | |
|---|---|
| D.H., an individual; | ) |
| | ) |
|     Plaintiff, | ) |
| | )    **Fed. R. Civ. P. 10(a)** |
| v. | )    **MOTION TO PROCEED VIA INITIALS** |
| | ) |
| MAHAVIR AND MUNI, INC.; | ) |
| | ) |
|     Defendant. | ) |

## CONSENT MOTION FOR PLAINTIFF TO PROCEED
## UNDER PSEUDONYM VIA INITIALS

### INTRODUCTION

Comes now Plaintiff is the above-styled civil action and moves to bring this action anonymously. Defendant consents to this Motion and to use Plaintiff's initials in all materials, documents, pleadings, exhibits and evidence of any kind filed in this case and to include no other identifying information until further order by this Court. Regardless of the outcome of this Motion, Plaintiff agrees to disclose her name to the Defendant to avoid prejudice. Lastly, because the Fourth Circuit requires district courts to examine five (5) non-exhaustive factors when ruling on a motion to proceed anonymously, Plaintiff includes such an analysis below. Defendants *only* consent to this Motion to the extent it allows Plaintiff to proceed anonymously. Defendants do not consent, stipulate, or otherwise agree with the facts or assertions offered by Plaintiff in support of this Motion.

### FACTS

Plaintiff alleges she was a minor victim of sex trafficking. *See* [Doc. 1], Complaint, at ¶¶

1-13, 24-43. Given the intimate and private nature of the information Plaintiff must disclose over the course of this case, and based on advice of her counsel, Plaintiff does not wish to be publicly identified as a minor sex trafficking victim to avoid further trauma, embarrassment, potential financial hardship, and reprisal from traffickers.

## LEGAL STANDARD

"The Federal Rules generally require that a civil complaint set forth the 'name[s] [of] all the parties.' Fed. R. Civ. P. 10(a). '[I]n exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym.'" *Jane Doe (L.M.), an individual, v. 2 Hotel Raleigh, LLC d/b/a Hilton Hampton Inn and Hilton Domestic Operating Company, Inc.*, 5:23-CV-235-FL, [Doc. 71] (E.D.N.C. April 14, 2025) (United States Magistrate Court Judge Brian S. Meyers granting a similar motion for a sex trafficking victim to proceed under the pseudonym "Jane Doe") (citing *Doe v. Pub. Citizen,* 749 F.3d 246, 273 (4th Cir. 1994)).

When deciding whether to grant a motion to proceed under a pseudonym, courts in the Fourth Circuit examines five (5) nonexhaustive factors. *See Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023). Those are:

> [(1)] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> [(2)] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> [(3)] the ages of the persons whose privacy interests are sought to be protected;
>
> [(4)] whether the action is against a governmental or private party; and, relatedly,
>
> [(5)] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

"[A] district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Jane Doe (L.M.), an individual, v. 2 Hotel Raleigh, LLC d/b/a Hilton Hampton Inn and Hilton Domestic Operating Company, Inc.*, 5:23-CV-235-FL, [Doc. 71] (E.D.N.C. April 14, 2025) (citing *Pub. Cit.*, 749 F.3d at 274.).

**ARGUMENT**

Turning to the factors above, the matters discussed in this Complaint and lawsuit are of the utmost personal and sensitive nature – the repeated sexual exploitation of a minor. Rhetorically, if the first factor is not fully implicated in this case (i.e. is this of a "highly personal nature[?]"), then what is the case that does fully implicate this factor? Put another way, there are few things – if any – that speak more to what is sensitive or personal than what is at issue here.

Second, the crux of this lawsuit and the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1595) is based on the idea of allowing victims to recover for what is, in large part, immense mental harm caused by various forms of sexually slavery. Plaintiff already struggles with her mental health regarding this incident – making such intimate and sensitive matters known to the world will only further cause her mental harm, put her at risk from her former trafficker, and jeopardize future employment opportunities (i.e., implicating the second factor of posing a "risk of retaliatory physical or mental harm"). In short, making someone's sexual exploitation public information cannot be described as a "mere annoyance."

Third, "the ages of the persons whose privacy interests are sought to be protected." Though Plaintiff is now over eighteen (18), she was under eighteen (18) and approximately fifteen (15)

years old when her trafficking began. Again, like those factors above, this third factor weighs in favor of anonymity.

With respect to factors four (4) and five (5) of "whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously[,]" this action is against a private party, and – to that end – there is little to no risk of unfairness to Defendants by Plaintiff proceeding anonymously. Plaintiff has no issue sharing Plaintiff's name with Defense Counsel at the outset of this case or with sharing other identifying information once a protective order is entered in this action – something the Parties have cordially agreed to work together to accomplish.

In addition to the above arguments made by Plaintiff, numerous other courts have found the same:

> [A] TVPRA plaintiff's interest in anonymity outweighs the risk of prejudice to the defendants and the public interest in knowing the plaintiff's identity. *See, e.g., Doe (A.L.G.),* No. 1:24-CV-285-RP, 2025 WL 625823, at *2 ; *Doe (M.H.) v. G6 Hospitality LLC*, 2022 WL 2532489, at *2-3 (E.D. Tex. July 7, 2022); B.*M. v. Wyndham Hotels & Resorts, Inc*., No. 20-CV-00656-BLF, 2020 WL 4368214, at *9–10 (N.D. Cal. July 30, 2020); *A.D. v. Cavalier Mergersub LP*, 2022 U.S. Dist. LEXIS 169979, at *6–12 (M.D. Fla. 2022).

*Jane Doe (L.M.)*, 5:23-CV-235-FL, [Doc. 71]. Those reasons cited by the above courts apply equally here:

> Cases involving sex trafficking inherently involve intimate matters, and the public disclosure of those details could harm [p]laintiff, expose her to the very real stigma associated with sex trafficking, and expose her to the threat of retaliation by her alleged trafficker or their associates. It is also in the public interest to protect [p]laintiff's identity because to do otherwise may deter other sex-trafficking survivors from coming forward to pursue cases stemming from their own abuse. Meanwhile, there is a low risk of prejudice to [d]efendants of allowing [p]laintiff to proceed anonymously because [the protective order issued contemporaneously herewith provides adequate mechanisms for] investigating her claims. In addition, the public interest in the openness of the judicial process is not threatened where, as here, the basic facts of the case will be on public record and there is nothing about [p]laintiff's identity which is critical to the public's understanding of this

case.

*Jane Doe (L.M.)*, 5:23-CV-235-FL, [Doc. 71] (citing Doe A.*L.G. v. Wyndham Hotel & Resorts*, No. 1:24-CV-285-RP, 2025 WL 625823, at *2 (W.D. Tex. Feb. 25, 2025).

## CONCLUSION

It is for the foregoing reasons, and because the applicable factors lean heavily in favor of anonymity, that Plaintiff requests this Court allow Plaintiff to proceed with her initials as a pseudonym, and – should a time come where the record commands otherwise – this issue may be revisited. A proposed order is attached prepared for convenience as **Exhibit A**. Counsel for Defendants consents to the entry of this Order.

This 2nd day of September, 2025.

| Prepared by: | Consented to by: |
|---|---|
| /s/ *Robert F. Nones* | /s/ *Camilla F. DeBoard* |
| Matthew B. Stoddard, Esq. | Camilla F. DeBoard |
| Robert F. Noens, Esq. | BOVIS KYLE BURCH & MEDLIN |
| Admitted Pro Hac Vice | 806 Green Valley Road, Suite 203 |
| The Stoddard Firm | Greensboro, NC 27408 |
| 1534 N. Decatur Road NE | Telephone: (336) 907-3265 |
| Atlanta, GE 30307 | Facsimile: (336) 907-4178 |
| Email: matt@legalhelpga.com | Email: cdeboard@boviskyle.com |
| Email: robert@legalhelpga.com | *Attorney for Defendant Mahavir and Muni, Inc.* |
| Telephone: (407) 467-2200 | |
| Facsimile: (470) 467-1300 | |
| *Attorney for Plaintiff* | |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing Consent Motion for Plaintiff to Proceed Under Pseudonym Via Initials was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following, and was served by electronic mail addressed as follows and as agreed upon the Parties:

Camilla F. DeBoard
Bovis Kyle Burch & Medlin
806 Green Valley Road, Ste. 203
Greensboro, NC 27408
cdeboard@boviskyle.com
swilliams@boviskyle.com
cdecarvalho@boviskyle.com

This 2nd day of September, 2025.

*/s/ Robert F. Noens*
Robert F. Noens, Esq.